Argued October 21, affirmed November 24, 1975

IN THE MATTER OF G. AND W., MINOR CHILDREN.
STATE EX REL JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY, *Respondent, v.*
W. (No. 42,499 CA 4459), *Appellant.*
542 P2d 937

*Kristena A. LaMar,* Portland, argued the cause and filed the brief for appellant.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

The mother of two children, aged four and six, appeals from an order terminating her parental rights under ORS 419.523(2). The history of mother and children is both pathetic and sordid; termination of parental rights is clearly warranted. A detailed recital of the evidence would add little by way of guidance to bench and bar not contained in numerous detailed opinions we have handed down in termination cases during the past five years.[1]

A psychologist who saw the mother in both 1970 and 1974 concluded:

> "[The mother] is one of those individuals best described as *damaged severely* and *irreparably* by the process of parental neglect, abandonment and succession of foster placements. [The mother] was deprived by the insufficiency of the significant adults in her childhood, of the opportunity to acquire the basic ingredients in human functioning and discourse: the feeling of personal worth, the capacity to participate in intimate mutually gratifying relationships to care, and to sustain relationships. All the assistance provided at Dammasch and the Medical School has only been able to modify temporarily the severity of the symptoms —like aspirin with arthritis, it dulls the symptoms, but does not remedy the problems.
>
> "* * * * *
>
> "I must reiterate my earlier impression, [the mother] is unable to provide adequate and consistent maternal nurturance and if we do not provide the children with a responsible, permanent family arrangement, we may very well condemn them to a prognosis similar to their mother."

Affirmed.

---

[1] The facts here are similar in many respects to State ex rel Juv. Dept. v. A., 19 Or App 635, 528 P2d 1362 (1974).