Argued October 27, affirmed December 8, 1975

In the Matter of T., a Child.
STATE EX REL JUVENILE DEPARTMENT
OF WASHINGTON COUNTY, *Respondent, v.*
T. (CA 4625), *Appellant.*
543 P2d 27

*Wayne C. Rapp,* Hillsboro, argued the cause for appellant. With him on the brief were Reeder & Rapp, Hillsboro.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent Juvenile Department. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Richard B. Stinson, Jr.,* Beaverton, argued the cause and filed the brief for respondent child.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

This is a termination of parental rights case brought under ORS 419.523 to 419.527 in the juvenile department of the circuit court. From an order terminating the rights of both parents, the father appeals. The mother does not. Both parents, the state and the child were represented by counsel.

The child was born November 2, 1970. For the great majority of her life she has been in the care either of one or the other of her grandparents or in placement by the Children's Services Division. She has been a ward of the juvenile court since 1973 because of conditions and circumstances such as to endanger her welfare. ORS 419.523.

We see little purpose in outlining the voluminous evidence establishing the lifestyles of both parents. *State ex rel Juv. Dept. v. W.*, 23 Or App 411, 542 P2d 937 (1975). Both parents were in penal institutions, one under a six-year sentence, the other five, at the time of the hearing. This 28-year-old father was found by the trial court to be a drug addict. ORS 419.523(2)(c).[1] The record established it was a long-standing problem for which he had been repeatedly arrested, convicted, and subjected to treatment. He had also from his teens been involved in other crimes for which he was convicted and insti-

_____

[1] ORS 419.523(2)(c):

"The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the forseeable [sic] future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"* * * * *

"(c) Addictive use of intoxicating liquors or narcotic or dangerous drugs."

tutionalized. After the early months of the child's life he contributed no significant support for her, in part because he was incarcerated the greater portion of the time. At the time of the hearing he was serving a five-year sentence at the Oregon State Penitentiary.

While it is true that when he was not incarcerated the father occasionally attempted to keep in touch with the child through Children's Services Division, this is far from meeting the test of ORS 419.523. These attempts alone are not of substantial significance in determining what is in the best interests of the child. Grounds warranting termination under ORS 419.523 having been established, we apply that standard, as did the trial court, in determining disposition.

We conclude that the trial court order terminating the parental rights of the father was indeed in the best interests of the child.

Affirmed.